IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAROD HUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-531 |
| ) | |
| TROOPER CHASE, TROOPER ) | |
| J.F. PADES AND ONE UNKOWN ) | |
| TROOPER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Conti, J.

*Introduction*

Pending before the court is the motion to dismiss (Doc. No. 13) (the "motion"), filed by Trooper Chase ("Chase") and Trooper J.F. Pades[1] ("Pavlis," and together with Chase, "defendants"), the action set forth in the complaint (Doc. No. 1) filed, pro se, by Harold Hunt ("Hunt" or "plaintiff"). The instant action was filed by plaintiff pursuant to 42 U.S.C. § 1983. On October 9, 2009, defendants filed the motion with a brief in support (Doc. No. 14). On November 12, 2009, plaintiff filed a brief in opposition to the motion (Doc. No. 19). After considering the parties' submissions, and for the reasons set forth below, the court will grant the motion. Plaintiff's complaint is dismissed.

---

[1] Although "J.F. Pades" is named in the complaint, it appears his correct name is James F. Pavlis. (See Br. in Supp. of Mot. to Dismiss (Doc. No. 14) at 1.)

*Discussion*

The United States Court of Appeals for the Third Circuit has permitted consideration of whether a claim is barred by the statute of limitations in the context of a motion to dismiss where the viability of such defense may be discerned from the complaint itself, i.e., where the facts as pled demonstrate the untimeliness of the claim. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384, n.1 (3d Cir. 1994). State law controls which statute of limitations is applied in a § 1983 action. Elliott Reihner Siedzikowski & Egan, P.C. v. Pennsylvania Employees Benefit Trust Fund, 161 F. Supp. 2d 413, 420 (E.D. Pa. 2001), aff'd, 29 F. App'x 838 (3d Cir. 2002). In Pennsylvania, a § 1983 claim is subject to a two-year statute of limitations. Id.

In this case, plaintiff pled that defendants' alleged constitutional violations occurred on April 30, 2007; there is no dispute that plaintiff's claim accrued on that date. In order to be timely filed, plaintiff's complaint must have been filed by April 30, 2009. See Monkelis v. Mobay Chemical, 827 F.2d 937, 938 (3d Cir. 1987) (holding that the statute of limitations expires on the anniversary date of the event). In moving to dismiss, defendants argue that the complaint was stamped as "RECEIVED" by the court on May 1, 2009. (Compl.) Plaintiff responds arguing that he sent the complaint via overnight mail on April 29, 2009, and was guaranteed that it would reach the court at noon on April 30, 2009. Plaintiff also argues that the "Clerk of Court has admitted . . . that the complaint was at the courthouse on April 30, 2009, but it, [sic] was not in the office because the mail was probably brought to the office the next day." (Pl.'s Br. in Opp. to Mot. to Dismiss at 2.) That statement, however, is hearsay.

Upon careful examination of the envelope in which plaintiff's complaint was sent and which is included on the docket as Attachment 1 to the complaint, the court observes that it was sent via United States Postal Service Express Mail. (Compl., Attach. 1.) Under the section titled

2

"Origin" on the envelope's label, it states that the "Date Accepted" was April 29, 2009, and the "Time Accepted" was 3:28 p.m. (Id.) Those notations reflect the date and time of mailing. The "Day of Delivery" was April 30, 2009, and the "Scheduled Time of Delivery" was "Noon." (Id.) Those notations reflect that the scheduled delivery was to be made on April 30, 2009 by noon. Under the section titled "Delivery" on the envelope's label, however, it states that the "Delivery Date" was May 1, and the "Time" was 10:40 a.m. (Id.) Despite plaintiff's argument that the clerk of court admitted the complaint was received on April 30, 2009, the record in this case is to the contrary. The envelope indicates it was delivered on May 1, 2009, and the complaint itself was not stamped until that date.[2]

The issue in this case is whether plaintiff's complaint was filed prior to the expiration of the statute of limitations on April 30, 2009. In Johnson v. Esso Standard Oil Co., 181 F. Supp. 431, 432-33 (W.D. Pa. 1960), the plaintiffs were injured in an automobile accident occurring in Pennsylvania on November 24, 1956, and brought a diversity action. The defendants moved to dismiss on the basis of the statute of limitations, because the complaint was marked as filed on November 25, 1958. The parties deposed the clerk of court and the office staff superintendent in the division of mails in the General Post Office, and it was learned that the complaint was placed in a correctly addressed envelope on Friday, November 21, 1958. The letter was postmarked Somerset, Pennsylvania, November 21, 1958 at 4:00 p.m. In the normal course of delivery, it would have arrived at the New Post Office Building in Pittsburgh at 10:45 p.m. that day. The letter had an additional postmark reading "Pittsburgh, Pa. 5, Nov. 24, 1958, 2:00 p.m." Id. at 433. Mail addressed to the clerk of court reaching the outgoing mail section in the New Post

---

[2] The Court of Appeals for the Third Circuit has looked to postmarks in determining on a motion to dismiss whether a complaint was filed within the limitations period. See, e.g., Atwell v. Schweiker, No. 09-2329, 2009 WL 3103848, at *1 (3d Cir. Sept. 29, 2009). This court concludes that the label on plaintiff's express mail envelope is akin to a postmark on a letter.

3

Office Building by 2:30 p.m. would normally be placed in a post office box maintained by the clerk of court located in that same building by 5:00 p.m. that day. An employee of the clerk's office would collect mail from the box twice daily, at approximately 8:15 a.m. and 1:00 p.m. Based upon this testimony, the court held that the physical delivery of the letter "to the Clerk in his post office box on Monday, November 24, 1958 constituted a filing of the complaint and commence of plaintiffs' action on that day." Id. at 433-34.

In Hetman v. Fruit Growers Express Co., 200 F. Supp. 234 (D.C.N.J. 1961), the plaintiff's husband died as the result of an accident occurring during the course of his employment on April 22, 1958. The plaintiff brought suit under the Federal Employers' Liability Act, 45 U.S.C. §§ 51 et seq., which provided a three-year statute of limitations. The complaint was marked as filed by the clerk of court on April 24, 1961, which was more than three years from the date upon which the claim accrued. The plaintiff presented an affidavit, however, asserting that she mailed the complaint at 5:00 p.m. on Friday, April 21, 1961 in Jersey City, New Jersey, with postage prepaid, addressed to the Newark branch office of the clerk of court located within the United States Post Office in Newark. The secretary of the plaintiff's attorney submitted an affidavit stating she was informed by a representative of the United States Post Office Department at the Post Office in Jersey City that, on the date of mailing at 6:15 p.m., letters would be picked up from the mail box in which the complaint was deposited. The letters would be received at the main Jersey City Post Office at 6:55 p.m. the same day, and would arrive at the United States Post Office Building in Newark before midnight of that night. The secretary also stated that she was informed by a representative of the United States Post Office Department at the Newark City Post Office that mail addressed to the clerk of court received when the clerk's office is closed is deposited in a post office box assigned to the clerk of court.

4

The Newark branch office of the clerk of court was not open for business on Saturday April 22, 1961, but the main office of the clerk of court, located in Trenton, New Jersey, was open until 1:00 p.m. every Saturday that was not a legal holiday. Id. at 236.

The court took judicial notice that "Jersey City and Newark which are both situate [sic] in this District, are less than ten miles apart, and that a letter mailed in one of these cities should reach the Post Office in the other, in due course of mail, within 24 hours." Id. The court denied the motion to dismiss, stating that had the clerk's office in Newark been open for business on Saturday, April 22, 1961, which was not a legal holiday, the complaint would have been filed and the action commenced in a timely fashion. Id.

In Manganiello v. Secretary of HHS, No. 83 Civ. 0426, 1983 WL 44218, at *1 (S.D.N.Y. Sept. 19, 1983), the plaintiff was denied disability benefits, and was mailed an affirmance of the denial by the Appeals Council on November 2, 1982. The notice advised the plaintiff that he had sixty days from the date of receipt to review the decision in district court. The notice also provided that, pursuant to federal statute, it was presumed to have been received within five days of mailing. On December 31, 1982, the plaintiff's attorney mailed a complaint. The Post Office issued a customer receipt to the plaintiff's attorney that contained a "service guaranty" of "next day" delivery. According to the date stamp of the clerk of court, however, the complaint was not received until January 13, 1983. Id. at *1.

The defendant argued that the action was barred by the statute of limitations. The parties did not dispute that the plaintiff was presumed to have received notice of the Appeals Council's decision by November 7, 1983, and the sixty-day appeals period expired January 7, 1983. The plaintiff argued that "because the papers were mailed by express mail on December 31, the Court should presume they were 'received' by the Clerk of Court prior to January 7, 1982, and that the

5

action was therefore commenced in a timely fashion." Id. The court, however, disagreed. It stated that the general rule was that filing requirements are "not satisfied by the mere mailing of the necessary papers within the allotted time." Id. (citing Lee v. Dallas County Bd. of Educ., 578 F.2d 1177, 1178 n. 1 (5th Cir. 1978); Wiss v. Weinberger, 415 F. Supp. 293, 294 n.3 (E.D. Pa. 1976)). It noted an exception to this rule where the court receives papers in a timely fashion, but does not stamp them until a later date. Id. (citing Freeman v. Giacomo Costa Fu Andrea, 282 F. Supp. 525 (E.D. Pa. 1968); Hetman, 200 F. Supp. at 234; Johnson, 181 F. Supp. at 431). Applying that law to the facts of the case, the court granted the motion to dismiss, observing that:

> In the present case, there is no proof that plaintiff's pleadings were delivered to the Clerk of the United States District Court, Southern District of New York, before the sixty day period expired. Plaintiff's attorney acknowledges in his affidavit that the Post Office does not keep delivery records beyond 90 days, and that the actual date of delivery cannot therefore be ascertained. Nevertheless, plaintiff asks the Court to presume that delivery of the papers by express mail was effected, as guaranteed, on January 3, 1981, the first business day after the papers were mailed. The Court finds that such a presumption would be contrary to both logic and law. While it is indeed unlikely that papers travelling by express mail would take thirteen days to reach their destination, it is certainly not impossible. Not even the Post Office claims that express mail is foolproof; rather, it guarantees a refund of postage in the event that next day delivery is not made. Furthermore, if we presume that the papers were delivered in a timely fashion, we must also presume that they laid in the Courthouse at least ten days before they were date-stamped by the Clerk. While such delay is possible, it would clearly be out of the ordinary, and we cannot say that it would be any more or less likely than delay in the express mail system. In short, on the facts before us, we cannot make any logical inference as to where the delay in the filing of plaintiff's papers occurred.
> Given the uncertainty as to when the papers were delivered to the Clerk of Court, the general rule that mailing does not constitute filing is controlling here. That rule places the burden on a party seeking to file court papers to get his papers not just to the post office, but to the Clerk of Court. . . .

Id. at *2 (internal citations omitted). In a footnote, the court distinguished Hetman:

> [In Hetman] the Court presumed that papers mailed by regular mail on Friday, arrived at the Courthouse on Saturday, the last day for filing. However, that presumption was supported by the facts that no one was available on Saturdays to receive mail at the Courthouse, and that the papers were found to be at the Courthouse on Monday, the first day that receipt was possible. In other words, the presumption made by the Court in Hetman was not inconsistent with usual courthouse procedure as it clearly would be if applied in the present case.

Id. at *3 n.3.

The court finds that this case is distinguishable from Johnson and Hetman, since the record here reflects that the complaint was not physically delivered by the post office to the clerk of court until after the expiration of the limitations period. This case is similar to Manganiello. As explained, the general rule is that the mere mailing of the complaint before the expiration of the limitations period fails to satisfy the requirement that the complaint be timely filed. The envelope plaintiff's complaint was mailed in shows that it arrived on May 1, 2009, the same date it was stamped as received by the clerk of court, even though it was supposed to arrive by noon on April 30, 2009. Plaintiff bore the risk that it would not arrive at the scheduled time; the court notes that plaintiff did not argue that he was prevented from filing his complaint at an earlier time. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (misunderstanding, ignorance, or mistake with respect to the statute of limitations are not extraordinary circumstances beyond a plaintiff's control justifying equitable tolling).

The court recognizes that it is obliged to construe liberally the filings of a pro se plaintiff, but, in McNeil v. United States, 508 U.S. 106 (1993), the United States Supreme Court stated "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without legal counsel." Id. at 113. This is not a case involving the "unique circumstance of incarceration" that warrants the exception of a pro se

7

plaintiff from procedural requirements related to timing, such as the exception known as the prison mailbox rule.  See McNeil, 508 U.S. at 113 (citing Houston v. Lack, 487 U.S. 266 (1988)).  The motion is thus granted.

### *Conclusion*

And now this 15th of January, 2009, the motion to dismiss the above-captioned case (Doc. No. 13) is hereby **GRANTED**.  The court orders that the clerk shall mark this case closed.

By the court,

 /s/ Joy Flowers Conti
Joy Flowers Conti
U.S. District Judge